IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

CATHERINE ANN CONRAD,

               Plaintiff,

                                              ORDER

     v.

                                            09-cv-49-bbc

WESTPORT MARINE, INC.,
JACK VON RUTENBERG,
ROBERT VON RUTENBERG, and
WILLIAM VON RUTENBERG,

               Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

On February 20, 2009, I granted plaintiff Catherine Conrad leave to proceed in forma pauperis on her false endorsement claim under the Lanham Act, 15 U.S.C. § 1125(a)(1), against defendants Westport Marine, Inc., Jack von Rutenberg, Robert von Rutenberg and William von Rutenberg for infringing her trade dress. Dkt. #3. On March 19, 2009, defendants filed a motion to dismiss the plaintiff's complaint. That same date plaintiff filed a proposed amended complaint. On March 30, 2009, I allowed plaintiff to proceed in forma pauperis on her claim for right of publicity included in her proposed amended complaint and allowed defendants 10 days from the date of that order within which to file a response

1

to the amended complaint or advise the court that they wish to stand on their pending motion to dismiss. Defendants responded on April 9, 2009 that they would stand on the motion to dismiss they had already filed. That motion is presently before the court.

Defendants base their motion to dismiss plaintiff's complaint on issue preclusion. They argue that plaintiff's false endorsement and right of publicity claims are barred because they were litigated and decided on the merits in a small claims action in the Circuit Court for Dane County, case no. 08-SC-12973. They have submitted copies of court documents in that case that are public record, including plaintiff's complaint, a trial minute sheet and a court order dismissing plaintiff's case with prejudice. Both the minute sheet and court order are form documents. A notation on the minute sheet says only "oral decision," followed by two or three words that are not legible. The order form contains a notation stating: "Per Commissioner McAndrew's hearing notes of 2-23-09, Dismiss." These documents are not sufficient for me to conclude that the small claims court decided plaintiff's claims on their merits.

In their briefs, the parties disagree on what the court commissioner actually decided in the case. In a footnote in their reply brief, defendants state that because this case is at the motion to dismiss stage, they have not submitted any affidavits or facts other than the state court action record, but they refer to a lengthy hearing at which they contend that the merits

2

of plaintiff's false endorsement claim were raised, argued and decided. Plaintiff disagrees. She contends that her case was dismissed for lack of jurisdiction.

Because the form documents defendants have submitted are insufficient to show that plaintiff's claims were presented to the small claims court, I cannot decide defendant's motion to dismiss on the present record. I will need to review the transcript of the hearing, which is also public record. Therefore, I will stay the motion to dismiss and allow defendants an opportunity to provide the full state court record showing the basis of the commissioner's decision to dismiss plaintiff's claims. Defendants may also submit additional authority to support their argument that issue preclusion applies to small claims court.


ORDER

IT IS ORDERED that defendants' motion to dismiss plaintiff's complaint is STAYED. Defendants shall submit the full state court record in case no. 08-SC-12073 and any additional argument no later than May 1, 2009.

Entered this 13th day of April, 2009.

BY THE COURT:

/s/

_____
BARBARA B. CRABB
District Judge

3