IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

CATHERINE ANN CONRAD,

                Plaintiff,

                                               OPINION and ORDER

  v.

                                               09-cv-49-bbc

WESTPORT MARINE, INC.,
JACK VON RUTENBERG,
ROBERT VON RUTENBERG, and
WILLIAM VON RUTENBERG,

                Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

In this case, plaintiff Catherine Ann Conrad is proceeding on her false endorsement claim under the Lanham Act, 15 U.S.C. § 1125(a)(1), against defendants Westport Marine, Inc., Jack von Rutenberg, Robert von Rutenberg and William von Rutenberg and on her claim for right of publicity. On April 13, 2009, I stayed defendants' motion to dismiss plaintiff's complaint on the ground of issue preclusion because the documents they submitted were not sufficient for me to conclude that the small claims court had decided plaintiff's claims on their merits. I allowed defendants an opportunity to provide the full state court record showing the basis of the commissioner's decision to dismiss plaintiff's

1

claims. I also allowed them to submit additional authority to support their argument that issue preclusion applies to small claims court.

Now defendants have submitted a supplemental brief and declarations. They state that no transcript of the hearing exists and that the proceedings were not recorded. Plaintiff opposes defendant's supplemental brief. Because I cannot determine what happened at the hearing in small claims court without a record, it would not be fair to give preclusive effect to the small claims court dismissal order. Therefore, I will deny defendants' motion to dismiss plaintiff's complaint.

From the allegations in plaintiff's complaint and from what record there is of the state court proceedings, I find that the following facts are material and not disputed.

FACTS

On December 10, 2008, plaintiff filed a case in her company's name, Banana Productions, LLC, against defendants Jack von Rutenberg. Robert von Rutenberg and William von Rutenberg for money damages in the small claims court for Dane County, case no. 08-SC-12973. Court documents in that case include plaintiff's complaint which states as follows:

> Von Rutenberg Ventures, owner of Betty Lou Cruises in Madison, WI used the Banana Productions federally trademarked owned image of the "banana lady" without consent

2

>and without paying a royalty in an advertising mailer promoting their business in September 2008.

Banana Productions amended its complaint to include an identical claim against Westport Marine and a claim for a fee for a performance of the "banana lady."

On February 23, 2009, about a month after plaintiff filed her federal lawsuit, the parties appeared at a hearing in small claims court before Commissioner W. Scott McAndrew. State court documents include a trial minute sheet and a court order dismissing plaintiff's case with prejudice. Both the minute sheet and court order are form documents. A notation on the minute sheet states only "oral decision," followed by two or three words that are not legible. The order form contains a notation stating: "Per Commissioner McAndrew's hearing notes of 2-23-09, Dismiss."

The docket sheet for case no. 08-SC-12973 indicates that on April 13, 2009, Catherine Conrad asked the court commissioner to change his dismissal to "read 'without prejudice' in order to file case in Federal Court." Also, the docket sheet reflects that on April 14, 2009, the commissioner denied Conrad's motion, stating that the action was properly dismissed with prejudice.

3

OPINION

Defendants contend that plaintiff's claims in this case are barred by the doctrine of issue preclusion because they have been decided previously in the small claims court for Dane County. The preclusive effect of a state judicial decision depends upon state rather than federal law. United States Gypsum Co. v. Indiana Gas Company, 359 F. 3d 623, 628 (7th Cir. 2003). Under Wisconsin law, the doctrine of issue preclusion prohibits a party from re-litigating an identical issue of law or fact that was resolved in a prior litigation. Mrozek v. Intra Financial Corporation., 281 Wis. 2d 448, 463, 699 N.W.2d 54 (2005). To determine whether the application of issue preclusion would be fundamentally fair, the court is to consider the following factors: (1) whether the party against whom preclusion is sought could have obtained review of the judgment; (2) whether the question is one of law that involves two distinct claims or intervening contextual shifts in the law; (3) whether there are apt to be significant differences in the quality or extensiveness of the two proceedings such that relitigation of the issue is warranted; (4) whether the burden of persuasion has shifted such that the party seeking preclusion had a lower burden of persuasion in the first trial than in the second; and (5) whether matters of public policy or individual circumstances would render the application of issue preclusion fundamentally unfair, including whether the party against whom preclusion is sought had an inadequate opportunity or incentive to obtain a

4

full and fair adjudication on the issue in the initial litigation.  Id. 281 Wis. 2d at 464, 699 N.W.2d at 61-62.

As defendants concede, Wisconsin courts have not decided whether issue preclusion applies to small claims court.  Therefore, I will address the factors above to determine whether giving preclusive effect to the small claims dismissal order is fundamentally fair.  Several factors weigh in favor of granting the order preclusive effect:  plaintiff could have appealed the order to the court of appeals under Wis. Stat. § 799.30; the burden of persuasion has not changed; and plaintiff's incentive in both cases was the same, to win a money judgment.  However, because no transcript or tape exists of the February 23, 2009 small claims court hearing, I cannot determine what actually happened.  The official state court record does not indicate (and the parties do not agree) what legal issues were decided.  Moreover, I cannot determine the quality or the extensiveness of the small claims court proceedings to compare them with proceedings in this court.  Therefore, I conclude that it would not be fundamentally fair to give preclusive effect to the small claims court order.  Therefore, I will deny defendants' motion to dismiss plaintiff's complaint.

ORDER

IT IS ORDERED that defendants' motion to dismiss plaintiff's complaint is DENIED.  Defendants shall file an answer ten days from the date of this order.  The clerk

is directed to schedule a preliminary pre-trial conference upon receipt of defendants' answer.

Entered this 6th day of May, 2009.

BY THE COURT:

/s/

_____
BARBARA B. CRABB
District Judge