IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

CATHERINE ANN CONRAD and
RODNEY RIGSBY,

    v.                                                                                                          ORDER

WESTPORT MARINE, INC.,                                            09-cv-49-bbc
JACK VON RUTENBERG,
ROBERT VON RUTENBERG,
WILLIAM VON RUTENBERG, and
SOCIETY INSURANCE,

                       Defendants.

---

On September 29, 2009, this court granted plaintiff Catherine Conrad leave to amend her complaint and proceed pro se on her false endorsement claim under the Lanham Act, 15 U.S.C. § 1125(a)(1), and right of publicity claim under state law against defendants Westport Marine, Inc., Jack von Rutenberg, Robert von Rutenberg, William von Rutenberg and Society Insurance. Dkt. 73. Also granted was plaintiff's request to join Rodney Rigsby as a plaintiff on the false endorsement claim. Previously, on September 17, 2009, defendants filed a motion to strike plaintiff Conrad's expert witnesses, Stan Smith and Leo Stoller. Dkt. 66. That motion is now before the court.

Defendants base their motion on plaintiffs' failure to comply with Fed. R. Civ. P. 26(a)(2)(B), which requires an expert witness disclosed by a party to submit a signed written report containing the following:

> (i) a complete statement of all opinions the witness will express and the basis and reasons for them;
>
> (ii) the data or other information considered by the witness informing them;(iii) any exhibits that will be used to summarize or support them;
>
> (iv) the witness's qualifications, including a list of all publications authored in the previous 10 years;

>> (v) a list of all other cases in which, during the previous four years, the witness testified as an expert at trial or by deposition; and
>
>> (vi) a statement of the compensation to be paid for the study and testimony in the case.[1]

Specifically, defendants assert that Stoller's report does not include his signature; contains "bald-faced conclusions" with few facts and no reasoning supporting them; provides no listing or other itemization of data or information considered by him in coming to his conclusions; includes only a vague listing of his qualifications; does not include a list of cases from the past four years in which he has testified; and lacks a statement of the compensation he is to be paid for his work in this case. Defendants contend that Smith's report lacks a list of the prior cases in which he has testified in the last four years and fails to provide a statement of the compensation that he is to be paid for his study and testimony in this case.

On September 18, 2009, plaintiff Conrad filed a pro se response to defendants' motion in which explains that she had to terminate her attorney and file her expert disclosures pro se. Along with the response, she corrects the deficiencies in Smith's report by identifying the cases in which he has testified, his hourly rate and the compensation that he has received for his work in this case thus far. Dkt. 69. I am satisfied that Smith's report now meets the requirements of Rule 26. Because plaintiff promptly corrected the relatively minor deficiencies in her disclosure, I am satisfied that defendants will not suffer undue prejudice.

As for Stoller, plaintiff asserts that he did sign his report, disagrees that his conclusions are unsupported, asserts that his past testimony as an expert witness is not applicable and provides a

---

[1] Defendants also point out that plaintiff personally filed her expert disclosures even though she was represented by an attorney, but because plaintiff has fired her lawyer, the court has held that it will consider her pro se filings.

letter from Stoller showing that he has been paid $300 for all of his work to date in this case. Stoller appears to have electronically signed his report, something that could be corrected easily, and he has sufficiently identified his experience and training.

However, a review of his report shows that Stoller fails to identify any case in which he has provided expert testimony (although he states that he has 30 years experience as an expert) and fails to identify either his hourly rate or expected compensation for future testimony. Contrary to plaintiff's assertions, this information is required by Rule 26(a)(2)(B) and it certainly is applicable in this case. Of greater concern are Stoller's "opinions," which appear merely to recite the allegations in the complaint and to quote the legal discussion in this court's initial screening order. Stoller draws legal conclusions, fails to explain his reasoning and cites absolutely no data or information supporting his damages estimate of $7.56 million. Stoller's report repeatedly and aggressively violates Rule 26(a)(2) and these violations are neither justified nor harmless. Accordingly, Rule 37(c)(1) provides that plaintiffs are not allowed to use Stoller as a witness or use his report as evidence in this case.

Pursuant to Rule 37(a)(5), I am requiring each side to bear its own costs on this motion because of the split decision.

ORDER

IT IS ORDERED that defendants' motion to strike plaintiff's expert witnesses is GRANTED with respect to Leo Stoller and DENIED with respect to Stan Smith. Leo Stoller may not be called by plaintiff as an expert witness in this case.

Entered this 1st day of October, 2009.

BY THE COURT:

/s/

STEPHEN L. CROCKER
Magistrate Judge

3