UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| CATHERINE ANN CONRAD, )<br>)<br>Petitioner, )<br>)<br>v. )<br>)<br>WESTPORT MARINE, INC., )<br>JACK VON RUTENBERG, )<br>ROBERT VON RUTENBERG, and )<br>WILLIAM VON RUTENBERG, )<br>)<br>Respondents. ) | Case #: 09 CV 49 BBC |

### DEFENDANTS' BRIEF OPPOSING PLAINTIFF'S MOTION TO COMPEL DEFENDANTS TO PRODUCE WITNESSES FOR DEPOSITIONS

#### INTRODUCTION AND BACKGROUND FACTS

This case arises out of an alleged violation of plaintiff's trademark and her right to publicity. On September 29, 2009, the Court granted plaintiff leave to file her second amended complaint to name Society Insurance as a defendant. Dkt. 73. In the same Opinion and Order, however, the Court denied plaintiff leave to name Tammy von Rutenberg and Deborah Jean von Rutenberg as defendants. Dkt. 73. This is significant because plaintiff has simply noticed the depositions of these non-parties. Because the defendants and their counsel are not available for depositions on the date plaintiff has selected, and because plaintiff has not articulated a legal or practical basis as to why the depositions of the defendants must take place on that date, and based on the argument below defendants respectfully request that the Court deny plaintiff's motion to compel.

1

## ARGUMENT

**A.    The Court should not compel the depositions of the defendants on October 16th.**

On September 28, 2009, plaintiff filed the instant motion to compel along with documents titled "Notice For Deposition."[1] Defense counsel Bruce Schultz had attempted to find days that he and the defendants were available for depositions. He had offered October 15, 2009, to which plaintiff indicated "her court reporter" was not available. Attorney Schultz suggested she find a different court reporter.

In addition to the von Rutenberg defendants having busy schedules, Attorney Schultz's difficulty in producing five witnesses in the next two weeks is due to his trial calendar. Attorney Schultz has a trial commencing on October 26, 2009 in state circuit court, a trial which is expected to occupy the greater part of two weeks. (See Affidavit of Bruce A. Schultz filed herewith). Some discovery remains in that state court case, as well as a final pretrial conference and trial preparation. (*Id.*)

Plaintiff, on the other had, has not put forth any reason why the depositions of the von Rutenbergs must take place in October rather than in early to mid-November, after Attorney Schultz's trial is complete. Prior to plaintiff filing the instant motion, Attorney Schultz also advised plaintiff that a date could be set in November, after his trial in state court. In her motion, plaintiff has indicated that "[m]aking plaintiff wait five weeks out to depose witnesses in unacceptable...", however she has indicated no reason nor provided any legal basis why this valid delay from her desired timeframe is "unacceptable."

---

[1] Defendants note that the plaintiff's "Notices for Deposition" do not meet the requirements of Federal Rule of Civil Procedure 30(b), and her motion to compel could be denied on that basis.

2

This is not a circumstance where the defendants are refusing to be deposed at any time, see e.g. Collins v. Illinois, 554 F.3d 693, 695 (7th Cir 2009)(Ill.)(upholding the district court's finding that the plaintiff "had no intention of proceeding with the deposition" and was simply "looking for a reason to avoid being deposed."); nor is it a circumstance where defendants have been repeatedly putting off depositions. See e.g., Rice v. City of Chicago, 333 F.3d 780, 783 (7th Cir. 2003)(Ill.)(describing a pattern of conduct repeatedly stonewalling the plaintiff's attempts to conduct depositions). In the instant case, the plaintiff has chosen a date for depositions without regard for the witnesses' or defense counsel's existing schedules, and she has failed to explain why this date is inflexible.

Defendants remain willing to sit for depositions on October 15, which is available for them and counsel. Alternatively, defendants are willing to provide dates in November when they are available to be deposed. Plaintiff can then confirm whether her court reporter is available on one of the suggested dates. As such, the Court should deny plaintiff's motion to compel the depositions of the defendants on October 16th.

**B.     The Court should not compel the depositions of non-parties October 16th.**

Additionally, plaintiff has simply "noticed" the depositions of Tammy von Rutenberg and Deborah Jean von Rutenberg, who are non-parties to this suit. The discovery rules distinguish between parties to litigation and non-parties. Blazek v. Capital Recovery Associates, Inc., 222 F.R.D. 360, 361, (2004 E.D.Wis.). Some rules permit discovery only from parties. Others permit discovery from non-parties, but impose additional burdens for obtaining such discovery. Id. While any person's testimony may be taken by deposition, if the person is not a party to the case, a notice of deposition is not sufficient to compel his or

her attendance. *Id.* (*citing* Rule 30(a)(1) and 30(b)(1)). Accordingly, the Court should deny plaintiff's motion to compel the depositions of Tammy von Rutenberg and Deborah Jean von Rutenberg on October 16, 2009.

## CONCLUSION

For the foregoing reasons, defendants respectfully request that the Court deny plaintiff's motion to compel defendants to produce witnesses for depositions on October 16, 2009.

Dated this 6th day of October, 2009.

COYNE, SCHULTZ,
BECKER & BAUER, S.C.

*Karen Gallagher*
Bruce A. Schultz
State Bar No. 1016100
Karen M. Gallagher
State Bar No. 1023834
Attorney for Defendants
150 E. Gilman St., Suite 1000
Madison, WI 53703
608-255-1388
608-255-8592 (facsimile)

4