IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

CATHERINE ANN CONRAD and
RODNEY RIGSBY,

    v.                                       ORDER

WESTPORT MARINE, INC.,                09-cv-49-bbc
JACK VON RUTENBERG,
ROBERT VON RUTENBERG,
WILLIAM VON RUTENBERG, and
SOCIETY INSURANCE,

                       Defendants.

---

On September 29, 2009, this court granted plaintiff Catherine Conrad leave to amend her complaint and proceed pro se on her false endorsement claim under the Lanham Act, 15 U.S.C. § 1125(a)(1), and right of publicity claim under state law against defendants Westport Marine, Inc., Jack von Rutenberg, Robert von Rutenberg, William von Rutenberg and Society Insurance. Dkt. 73. Also granted was plaintiff's request to join Rodney Rigsby as a plaintiff on the false endorsement claim. Now before the court are plaintiff's motions to compel defendants to produce witnesses for depositions and for an extension of time to answer discovery requests.

Attached to plaintiff's motion to compel the attendance of witnesses for depositions are notices for depositions for October 16, 2009 for Jack von Rutenberg, William von Rutenberg, William von Rutenberg, Robert Von, Rutenberg, Deborah Jean von Rutenberg and Tammy von Rutenberg. Both plaintiff's motion and defendants' response indicate that there has been correspondence between the parties concerning setting a mutual convenient date for the depositions. Although defendants and their attorney were available on October 15, 2009, plaintiff and her court reporter were not. Defendants and their attorney were not available on

October 16, 2009, the date chosen by plaintiff, but suggest that they are available in early November.  Because defendants and their counsel have suggested acceptable alternative dates, I will deny plaintiff's motion to compel their attendance at depositions on October 16, 2009. Further, as defendants point out a notice of deposition is not sufficient to compel the attendance of non-parties at depositions.  Their attendance may be compelled by subpoena.  Fed. R. Civ. P. Rule 30(a).

Also, plaintiff moves for an extension of time to file responses to defendants' discovery requests.  In her motion , she states that the discovery requests were served on her attorney on August 18, 2009 and that she received a copy on August 31, 2009.  She requested defendants' counsel re-serve the discovery requests on her which he did on September 17, 2009.  It appears plaintiff is requesting that she be granted an extension of time until October 16, 2009 to respond to the discovery requests.  Plaintiff's request will be granted.

In their response to plaintiff's motion for an extension of time. Defendants request that they be granted an extension of time of the November 2, 2009 for disclosing their expert witnesses.  They request 30 days from the date plaintiff files her response to their discovery requests.  Therefore, I will grant defendants an extension of time until November 16, 2009 to disclose their expert witnesses.

ORDER

IT IS ORDERED that:

1.  Plaintiff's motion to compel defendants to produce witnesses at depositions, dkt. #74, is DENIED.

2.  Plaintiff's motion for an extension of time to respond to discovery requests, dkt. #75, is GRANTED until October 16, 2009.  Defendants may disclose expert witnesses no later than November 16, 2009.

Entered this 7th day of October, 2009.

BY THE COURT:

/s/

STEPHEN L. CROCKER
Magistrate Judge